IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TRAE JAVAR COMPTON,

    Plaintiff,

v.                                              Civil Action No. 5:15CV150
                                                          (STAMP)

STATE OF WEST VIRGINIA,
TERRY O'BRIEN, Retired,
KEVIN PEARCE, Officer,
MICHAEL BLEDSOE, Officer,
JERALD RIFLE, Lieutenant,
JOHN HUNT, Officer,
SHANE HIXENBAUGH,
Correctional Officer,
WANDA SINES, RN,
TREVOR GEORGE, Officer,
KENNETH CRADDOCK,
Discipline Hearing Officer,
CHRISTOPHER MEYER, P.A. and
TERRENCE GASSER, Officer,

    Defendants.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION TO DISMISS
OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT**

The pro se[1] plaintiff, Trae Javar Compton, filed this civil action asserting claims under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). ECF No. 51. In his amended complaint, the plaintiff alleges that staff at U.S.P. Hazleton used excessive force while moving him to a holding cell. ECF No. 51

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

at 8. The plaintiff alleges that correction officers intentionally moved the plaintiff to a position outside the view of security cameras in order to slam, punch, and kick the plaintiff. ECF No. 51 at 8. The plaintiff alleges that he was then put in tight restraints and denied medical treatment overnight. ECF No. 51 at 9. The plaintiff then alleges that the officers filed a false incident report pertaining to these events. ECF No. 51 at 8. The plaintiff is bringing claims under <u>Bivens</u> for excessive force, deliberate indifference to medical needs, filing a false incident report, and "1st Amendment [and] 5th Amendment violations." ECF No. 51 at 9. The plaintiff claims he has suffered cuts and bruises from being restrained, nerve damage from the lack of medical attention, and psychological harm. ECF No. 51 at 9. For relief, the plaintiff is seeking $200,000.00 in compensatory damages from each defendant, $1,000,000.00 in punitive damages, and for the defendants who are correctional officers to be charged for criminal conduct. ECF No. 51 at 9. Further, the plaintiff alleges that he was unable to file administrative grievances due to retaliation against him from staff at U.S.P. Hazleton. ECF No. 51 at 6.

 The defendants filed a motion to dismiss or, alternatively, for summary judgment. ECF No. 113. The defendants argue that the plaintiff is precluded from bringing his claims because he failed to exhaust his administrative remedies through the Federal Bureau of Prisons ("BOP"). ECF No. 114 at 6. Defendants state that,

under the Prison Litigation Reform Act, an inmate must exhaust administrative remedies before filing a Bivens lawsuit. ECF No. 114 at 7 (citing Porter v. Tussle, 534 U.S. 516, 524-32 (2002)). Here, the defendants contend that the plaintiff's administrative grievances relating to the events giving rise to this suit remain unexhausted. ECF No. 114 at 10. Further, the defendants contend that the plaintiff has not established that he was prevented from filing a grievance. ECF No. 114 at 11.

Next, the defendants argue that, even if the plaintiff had exhausted his administrative remedies, he cannot establish a cognizable Bivens suit. ECF No. 114 at 13. First, the defendants argue that the plaintiff has not alleged the type of "personal or supervisory involvement" required in a Bivens claim. ECF No. 114 at 13. Second, the defendants argue that the plaintiff cannot establish an excessive force claim because the force applied to the plaintiff was reasonably necessary to maintain security after the plaintiff became combative. ECF No. 114 at 16-18. Third, the defendants argue that the plaintiff has not made any specific factual allegations to support a deliberate indifference claim. ECF No. 114 at 18. Fourth, the defendants argue that the plaintiff's allegation of a false incident report does not relate to a constitutionally protected right, and thus is not cognizable under a Bivens claim. ECF No. 114 at 21-23. Fifth, the defendants argue that the plaintiff has not shown that any of the defendants

took specific, purposeful action that prevented him from pursuing administrative remedies. ECF No. 114 at 23-24. Sixth, the defendants argue that defendant Meyer is immune because Public Health Service employees are not subject to Bivens liability for medical decisions within the scope of their employment. ECF No. 114 at 15-16. Finally, the defendants argue that because monetary damages are the exclusive relief in a Bivens claim, the plaintiff's request to have correction officers polygraph tested and criminally charged is not a cognizable claim. ECF No. 114 at 25.

The plaintiff filed a response to the defendants' motion. ECF No. 124. In response, the plaintiff argues that several of the defendants' statements in the incident report violate 18 U.S.C. § 1001. ECF No. 124 at 8. Further, the plaintiff adds that in "Jones v. Bock, 549 U.S. 199 (1997), the courts stated that a prisoner do not need [sic] to show in their complaint that they have exhausted all grievance procedures." ECF No. 124 at 10.

After the defendants had filed the motion to dismiss, the plaintiff also filed another amended complaint. ECF No. 121.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge James E. Seibert. The magistrate judge entered a report and recommendation. ECF No. 135. In that recommendation, the magistrate judge recommended that the defendants' motion to

dismiss or for summary judgment be granted and the complaint be dismissed with prejudice. ECF No. 135 at 29.

First, the magistrate judge found that the plaintiff had failed to exhaust his administrative remedies. The magistrate judge found that the plaintiff alleges no specific facts to show that he reasonably feared retaliation which prevented him from filing grievances. ECF No. 135 at 13. Further, even if the plaintiff were prevented from pursuing administrative remedies at U.S.P. Hazleton, he offers no reason why, after being transferred to U.S.P. Lewisburg, he waited seven months before filing a grievance. ECF No. 135 at 13.

Second, the magistrate judge found that the plaintiff cannot establish his claim of excessive force. ECF No. 135 at 20. The magistrate judge found that the force applied "was in a good-faith effort to maintain or restore discipline and not maliciously or sadistically to cause harm." ECF No. 135 at 20. Further, the magistrate judge found that the plaintiff's medical records do not support his allegation that he was slammed, punched, and kicked off-camera. ECF No. 135 at 18.

Third, the magistrate judge found that the plaintiff has failed to present a deliberate indifference claim because he "does not identify any individual who he asserts failed to provide him medical care". ECF No. 135 at 22-25. Further, the magistrate judge notes that the plaintiff did not request medical attention at

5

any time after this incident while at U.S.P. Hazleton.  ECF No. 135 at 25.

Fourth, the magistrate judge found that "the plaintiff does not have a constitutional right to be free from false disciplinary reports."  ECF No. 135 at 26.  Thus, the magistrate judge found that this claim was not cognizable in a <u>Bivens</u> action.  ECF No. 135 at 25-26.

Fifth, the magistrate judge noted that to the extent that the plaintiff is attempting to name the State of West Virginia and the United States of America as defendants, they are improperly named in a <u>Bivens</u> action.  ECF No. 135 at 28.

Lastly, the magistrate judge addressed the plaintiff's most recent "amended complaint," ECF No. 121, filed December 4, 2017. ECF No. 135 at 128.  Construing it as a motion to amend the complaint, the magistrate judge noted that the plaintiff had already been allowed to amend his complaint several times, and that the latest amendment only adds that the plaintiff is seeking declaratory judgment and injunctive relief.  ECF No. 135 at 28-29. The magistrate judge found that allowing the plaintiff to amend his complaint at this late stage in the proceedings would be prejudicial to the defendants because they have already filed a motion to dismiss or for summary judgment.  ECF No. 135 at 29. Therefore, the magistrate judge recommended that the proposed

amended complaint be treated as a motion to amend and be either denied or, alternatively, dismissed as moot. ECF No. 135 at 29.

The plaintiff timely filed objections. ECF No. 137. First, the plaintiff objects to all facts alleged by the defendants. ECF No. 137 at 1. Second, the plaintiff objects to the complaint being dismissed for failing to exhaust remedies. ECF No. 137 at 1. The plaintiff argues that the requirement to exhaust remedies does not apply when a threat deterred the prisoner from lodging a grievance, and a reasonable prisoner would have also been deterred. ECF No. 137 at 3-4. Here, the plaintiff argues that administrative remedies were effectively rendered unavailable to him because of his fear of retaliation, specifically as a result of threats from the warden to transfer the plaintiff to another facility. ECF No. 137 at 4. Finally, the plaintiff objects to his amended complaint (ECF No. 121) being construed as a motion to amend and being denied. ECF No. 137 at 1-2. The plaintiff argues that he should have been allowed to amend his complaint because he "did not have repeated failures to amend." ECF No. 137 at 3. The plaintiff does not address the magistrate judge's reasoning that allowing plaintiff to amend would cause undue prejudice to the defendants. Further, the plaintiff asserts that he was given permission by the Court to amend his complaint. ECF No. 137 at 3.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the plaintiff filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

Because the plaintiff filed objections to the report and recommendation, this Court reviews the magistrate judge's recommendation de novo as to those findings to which objections were made.

For the reasons stated below, this Court adopts and affirms the report and recommendation of the magistrate judge in its entirety, grants the defendants' motion to dismiss or, in the alternative, for summary judgment (ECF No. 113), dismisses the plaintiff's motion to amend (ECF No. 121) as moot, and dismisses the plaintiff's complaint (ECF No. 51) with prejudice.

A. Plaintiff's First Objection

The plaintiff has raised an objection "to all facts" alleged by the defendants in the report and recommendation. ECF No. 137

at 1. The facts that the magistrate judge relied upon in his report and recommendation come either from the defendants' exhibits attached to their memorandum in support of the motion to dismiss, or from the plaintiff's own allegations. Further, the plaintiff has already had an opportunity to respond to the factual allegations presented by the defendants in his response in opposition to the defendants' motion to dismiss. ECF No. 124. This Court has conducted a de novo review of the record, and finds that the plaintiff's objection is without merit and that the facts relied upon by the magistrate judge have been established by the record.

B. Failure to Exhaust Administrative Remedies

In his objections, the plaintiff argues that the requirement to exhaust administrative remedies does not apply when a prisoner is deterred from lodging a grievance due to a threat and the threat is one that would deter a reasonable prisoner. ECF No. 137 at 4. The plaintiff contends that the Warden of FCI Hazleton threatened to transfer the plaintiff if he appealed the denial of his grievance. ECF No. 137 at 4.

In its de novo review of whether the plaintiff was prevented from pursuing administrative remedies, this Court finds that the plaintiff's claim is not supported by the record. As the magistrate judge correctly noted, the United States Court of Appeals for the Fourth Circuit has held that an administrative

9

remedy can be considered unavailable to a prisoner if he is prevented from utilizing it. ECF No. 135 at 11 (citing Moore v. Bennett, 517 F.3d 717, 725 (4th Cir. 2008)). The plaintiff contends that threats from the Warden effectively prevented him from utilizing the grievance process. However, this Court agrees with the magistrate judge that the plaintiff "has presented no claim that is substantial and serious enough that would deter a similarly situated prisoner of ordinary fitness from pursuing administrative remedies." ECF No. 135 at 13. In his objection, the plaintiff merely asserts that a threat from the Warden rendered administrative remedies unavailable.

Further, even assuming the plaintiff was prevented from filing a grievance at U.S.P. Hazleton, the plaintiff has still not explained why he waited over six months to file a grievance relating to this incident after being transferred to U.S.P. Lewisburg. During that time at U.S.P. Lewisburg, the plaintiff cannot claim he was prevented from pursuing administrative remedies because he filed six grievances about matters unrelated to this case. ECF No. 114-1 at 20-22.

C. Amended Complaint

Lastly, the plaintiff objects to the magistrate judge's recommendation that the plaintiff's amended complaint (ECF No. 121) be construed as a motion to amend and denied or dismissed as moot. ECF No. 137 at 1-2. Construing the objection liberally, the

plaintiff appears to argue that he should be allowed to amend the complaint because he has not had "repeated failures to amend" and claims he was given permission by the Court to proceed with his amended complaint. ECF No. 137 at 3.

In its de novo review of the plaintiff's proposed amended complaint (ECF No. 121), this Court finds that the plaintiff seeks to add only declaratory and injunctive relief claims and he does not allege any new facts or make any new legal arguments related to the underlying claims. ECF No. 121. Even if the plaintiff were permitted to amend his complaint, the proposed amended complaint would not change the Court's analysis of his claims. Therefore, this Court agrees with the magistrate judge, and upholds the recommendation that the amended complaint (ECF No. 121) should be construed as a motion to amend and be denied.

## IV. Conclusion

For the reasons stated above, the magistrate judge's report and recommendation (ECF No. 135) is ADOPTED AND AFFIRMED. The defendants' motion to dismiss or, alternatively, for summary judgment (ECF No. 113) is GRANTED. The plaintiff's "amended complaint" (ECF No. 121) is construed as a motion to amend and is DENIED, and the plaintiff's objections to the report and recommendation (ECF No. 137) are OVERRULED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made or those that this Court otherwise determined de novo, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 14, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE